1  Eileen B. Goldsmith (SBN 218029)
   Danielle E. Leonard (SBN 218201)
2  ALTSHULER BERZON LLP
   177 Post St., Suite 300
3  San Francisco, CA 94108
   T: (415) 421-7151
4  F: (415) 362-8064
   egoldsmith@altber.com
5  dleonard@altber.com

6  Samuel J. Strauss*
   Raina C. Borrelli*
7  TURKE & STRAUSS LLP
   613 Williamson St., Suite 201
8  Madison, WI 53703
   T: (608) 237-1775
9  F: (608) 509-4423
   sam@turkestrauss.com
10 raina@turkestrauss.com

11 * *Pro Hac Vice* applications to be submitted

12 *Counsel for Plaintiff and the Proposed Class*

13 *Additional Counsel on Following Page*
14

15                    UNITED STATES DISTRICT COURT
16                   EASTERN DISTRICT OF CALIFORNIA
17                           FRESNO DIVISION
18

19 | ANTONIO RUBIO,                  | Case No. _____ |
   |---|---|
20 |          Plaintiff,             | **CLASS ACTION COMPLAINT**  |
21 |     v.                          | **JURY DEMANDED**           |
22 | MADERA COMMUNITY HOSPITAL,      |                             |
23 |          Defendant.             |                             |

24
25
26
27
28

1  J. Gerard Stranch, IV*
2  Michael C. Iadevaia*
   BRANSTETTER, STRANCH
3  & JENNINGS, PLLC
   223 Rosa L. Parks Avenue, Suite 200
4  Nashville, Tennessee 37203
   T: (615) 254-8801
5  gerards@bsjfirm.com
   michaeli@bsjfirm.com
6
7  Lynn A. Toops*
   Amina A. Thomas*
8  COHEN & MALAD, LLP
   One Indiana Square, Suite 1400
9  Indianapolis, Indiana 46204
   T: (317) 636-6481
10 ltoops@cohenandmalad.com
   athomas@cohenandmalad.com
11
12 * *Pro Hac Vice* applications to be submitted

13 *Counsel for Plaintiff and the Proposed Class*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Antonio Rubio (the "Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against Madera Community Hospital, by way of this Class Action Complaint against Defendant, allege as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), the California Worker Adjustment and Retraining Notification Act (the "California WARN Act"), Cal. Lab. Code §§ 1400–1413, and California Labor Code § 227.3, by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant Madera Community Hospital, his employer for WARN Act purposes.

2. On or about January 2, 2023, Madera Community Hospital made a mass layoff by, unilaterally and without notice, permanently terminating approximately 772 employees at its Madera, CA facilities, without any notice to employees or staff.

3. Madera Community Hospital failed to provide 60 days advance written notice as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* and the California WARN Act, Cal. Lab. Code § 1401, to the affected employees.

4. Madera Community Hospital also failed to pay vested paid-time off upon termination of the affected employees, Cal. Lab. Code § 227.3.

5. On December 23, 2022, Madera Community Hospital informed the affected employees that layoffs were imminent and that the Hospital was filing for bankruptcy.

6. On January 2, 2023, affected employees were informed by Human Resources that their services were no longer needed, and they were advised to collect their final pay checks on that same day.

7. Madera Community Hospital's January 2, 2023, terminations constituted a mass layoff or plant closing which became effective on that same day—January 2, 2023. As such, Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act and California WARN Acts and should have been paid their accrued but unused paid time off under the California Labor Code.

## JURISDICTION AND VENUE

8. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

9. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

11. Pursuant to E.D. Cal. Local Rule 120(d), intradistrict assignment to the Fresno Division is proper. The alleged claims arose in Madera and Fresno Counties.

## PARTIES

12. Plaintiff Antonio Rubio is a citizen of the United States and resident of Madera County, California. Plaintiff Rubio was employed by Madera Community Hospital at all relevant times. Plaintiff is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7) and an "employee" within the meaning of the California WARN Act, Cal. Lab. Code § 1400.5(h).

13. Defendant Madera Community Hospital is a not-for-profit 501(c)(3) organization with its principal place of business at 1250 East Almond Ave, Madera, California 93637.

14. Defendant Madera Community Hospital is the responsible entity for the operation of the facility located at 1250 East Almond Ave, Madera, California as well as the locations at 1210 East Almond Ave, Madera, California ("Family Health Services Clinic"), 285 Hospital Drive, Chowchilla, California ("Chowchilla Medical Center"), and 121 Belmont Ave, Suite 100, Mendota, California ("Family Health Services Mendota Clinic").

## FACTS

15. Madera Community Hospital is a not-for-profit, freestanding, community-based independent hospital, not associated with any hospital or health system.

16. On or about December 23, 2022, without notice or warning, Madera Community Hospital informed, by written documents and verbal communications, its employees at all of its locations in Madera, Chowchilla, and Mendota that it was eliminating certain positions and

terminating certain employees' employment effective January 2023 and that terminated employees would perform no additional compensated services.

17. Plaintiff Antonio Rubio was employed as a maintenance mechanic in the engineering department of Madera Community Hospital for approximately 14 years.

18. On January 2, 2023, Plaintiff Antonio Rubio was informed that he had been paid for his time worked and was advised to collect his last paycheck. He did not receive any payment for his outstanding, accrued 368 hours of paid time off ("PTO"), and he was not offered any severance.

19. In a notice dated January 4, 2023, but which, on information and belief, was not filed with the California Employment Development Department until January 20, 2023, Madera Community Hospital advised that 772 employees of Madera Community Hospital located at the four facilities in Madera, Chowchilla, and Mendota were separated from employment.

20. The Madera Community Hospital did not provide any notice as required by the federal WARN Act, 29 U.S.C. § 2101 *et seq*. and the California WARN Act, Cal. Lab. Code § 1401(b), even though it planned to abolish, terminate, and/or layoff more than 100 full-time employees employed at the four facilities.

21. Upon information and belief, no circumstances existed that would have permitted Madera Community Hospital to reduce the notification period as provided in 29 U.S.C. § 2102(b) and Cal. Lab. Code § 1401(b).

22. By failing to provide its affected employees who were temporarily or permanently terminated on or around January 2, 2023, with WARN Act Notice and other benefits, Defendant has acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the federal/California WARN Acts.

23. By failing to pay accrued vacation time as wages upon termination of employment, Defendant is in violation of California Labor Code § 227.3.

**RULE 23 CLASS ACTION ALLEGATIONS**

24. Plaintiff brings his WARN Act claim and California WARN Act claims as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Madera Community Health in the Madera, Chowchilla, and Mendota, California facilities, who were terminated pursuant to a mass layoff or termination (as those terms are defined in California Labor Code § 1400.5) or a mass layoff or plant closing (as those terms are defined in the federal WARN Act) on or around January 2, 2023.

25. Plaintiff brings his claim under the California Labor Code for failure to pay vested vacation pay upon termination pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Madera Community Health in the Madera, Chowchilla, and Mendota, CA facilities, whose employment was permanently terminated or temporarily suspended within 30 days of January 2, 2023 and were not paid their accrued but unused paid time off as wages upon termination.

26. Class Action treatment of federal WARN Act claims, California WARN Act claims, and California Labor Code violation are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. Both classes include, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the classes, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102, and whether Defendants failed to pay vested paid time off. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of both classes, and the claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiff will fairly and adequately represent the classes and their interests. Moreover, Plaintiff has retained competent and experienced counsel who will

effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

28. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

29. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**VIOLATIONS OF THE FEDERAL WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**COUNT I**
**(WARN Act)**

30. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

31. Madera Community Hospital is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

32. Madera Community Hospital employed more than 100 full-time employees for at least six months of the 12 months preceding the date that notice was required under the WARN Act.

33. Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

34. The January 2, 2023, closure of Madera Community Hospital constituted a "plant closing" as defined in 29 U.S.C. § 2101(a)(2) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

35. The January 2, 2023, permanent layoffs resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(ii).

36. For purposes of 29 U.S.C. § 2101(a)(3)(B), the facilities in Madera, Chowchilla, and Mendota, CA constitute a single site of employment in that the locations are within the same geographic area, share the same operational purpose, and may share the same staff or equipment. These facilities, collectively, are the places which relevant employees were assigned as their home base, the place from which their work was assigned, and the place where they reported for work.

37. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

38. On information and belief, prior to January 2, 2023, Madera Community Hospital did not give proper prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Upon information and belief, nor did Defendant give any *prior* written notice to the California Employment Development Department ("EDD"), or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendant waited until after the layoffs began to do attempt to do so, and its notice was not received by EDD until after the layoffs had occurred.

-6-
CLASS ACTION COMPLAINT

39. Defendant violated the WARN Act by failing to give timely written notice as required by 29 U.S.C. § 2102(a) of the mass layoff that began on or about January 2, 2023.

40. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

41. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102.  *See* 29 U.S.C. § 2104(a)(5).

42. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**VIOLATIONS OF THE CALIFORNIA WARN ACT,
CAL. LAB.  CODE §§ 1400,** *et seq***.
COUNT II
(California WARN Act)**

43. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

44. Madera Community Hospital is an "employer" within the meaning of the California WARN Act. Cal. Lab. Code § 1400.5(b).

45. Plaintiff and those he seeks to represent were at all relevant times "employees" within the meaning of the Cal. Lab. Code § 1400.5(h).

46. The January 2, 2023, permanent layoffs resulted in a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400.5(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

47. For purposes of Cal. Lab. Code § 1400.5(a), the facilities in Madera, Chowchilla, and Mendota, CA employed more than 75 persons within the preceding 12 months and constitute a single "covered establishment" in that the locations are within the same geographic area, share the same operational purpose, and may share the same staff or equipment. These facilities,

collectively, are the places which relevant employees were assigned as their home base, the place from which their work was assigned, and the place where they reported for work.

48. The California WARN Act requires employers to provide 60-days' notice of any plant closing to "the employees of the covered establishment affected by the order" and "[t]he California Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the termination, relocation, or mass layoff occurs." Cal. Lab. Code § 1401(a)(1)–(2).

49. On information and belief, prior to January 2, 2023, Madera Community Hospital did not give proper prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in Cal. Lab. Code § 1401(a)(1)–(2). Upon information and belief, nor did Defendant give any *prior* written notice to the California Employment Development Department ("EDD"), or to the chief elected official of the local government within which the mass layoff was ordered. Rather, Defendant waited until after the layoffs began to do attempt to do so, its notice was not received by EDD until after the layoffs had occurred.

50. Defendant violated the California WARN Act by failing to give timely written notice of the mass layoff, which began on or about January 2, 2023, as required by the California WARN Act, Cal. Lab. Code § 1401(b).

51. The California WARN Act expressly permits a person to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of Cal. Lab. Code § 1404.

52. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102, which are incorporated into the California WARN Act, Cal. Lab. Code § 1401(b).

//

//

//

**VIOLATIONS OF THE CALIFORNIA LABOR CODE,**
**CAL. LAB. CODE § 227.3**
**COUNT III**
**(Failure to pay vested vacation pay upon termination)**

53. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

54. Pursuant to California Labor Code § 227.3, an employer must pay its employees who are entitled to paid vacation days pursuant to a contract of employment or employer policy their accrued but unused vacation pay as wages upon termination.

55. Pursuant to company policy, Defendant provided Plaintiff and those he seeks to represent with accrued paid time off. Upon the employees' termination on or about January 2, 2023, Defendant failed to pay those who were discharged the full amount of their accrued paid time off as wages. Accordingly, Defendant has violated Labor Code § 227.3.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel;

2. A declaration that Defendant has violated the WARN Act, California WARN Act, and California Labor Code;

3. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A), California WARN Act, and California Labor Code;

4. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B) and California WARN Act, Cal. Lab. Code § 1402;

5. A monetary award for monies owed under California Labor Code § 227.3, in the

-9-

1  maximum amounts permitted by law;

2      5.    A finding that Defendant's violations of the WARN Act and California WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102, and/or the California WARN Act, Cal. Lab. Code § 1401(b);

    6.    A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), California WARN Act, Cal. Lab. Code §§ 1404, and/or California Labor Code § 218.5, and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

    7.    A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3), and the California WARN Act, Cal. Lab. Code § 1403; and,

    8.    Such other and further relief as this Court deems just and proper and allowed under the WARN Act, California WARN Act, and California Labor Code.

Dated: February 17, 2023

Respectfully submitted,

By: *s/ Eileen B. Goldsmith*
Eileen B. Goldsmith (SBN 218029)
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
T: (415) 421-7151
F: (415) 362-8064
egoldsmith@altber.com
dleonard@altber.com

Samuel J. Strauss*
Raina C. Borrelli*
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

-10-

CLASS ACTION COMPLAINT

J. Gerard Stranch, IV*
Michael C. Iadevaia*
BRANSTETTER, STRANCH
& JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
T: (615) 254-8801
gerards@bsjfirm.com
michaeli@bsjfirm.com

Lynn A. Toops*
Amina A. Thomas*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
T: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*